UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY TOREAL TOWNSEND,

           Plaintiff,           Case Number 06-15211
v.                                           Honorable David M. Lawson
                                             Magistrate Judge Steven D. Pepe

MICHAEL DUGGAN,

           Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

      The plaintiff, Tony Toreal Townsend, presently confined at the Carson City Correctional Facility, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff has not paid the $350 filing fee or filed the appropriate documents to proceed *in forma pauperis*.

      The *in forma pauperis* statute permits a prisoner to file suit "without prepayment of fees" if he submits an affidavit swearing that he is unable to pay the fee and listing all assets he owns along with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a). The plaintiff in this case filed a certified trust account statement indicating he has a spendable balance of $140.45. However, he did not submit the affidavit required by 28 U.S.C. § 1915(a).

      Where an inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). On November 30, 2006, Magistrate Judge R. Steven Whalen signed an order of deficiency requiring the plaintiff to pay the $350 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the

order. To date, the plaintiff has neither paid the filing fee in full nor supplied this Court with the requested information. If a prisoner does not correct a deficiency, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Ibid.* Under such circumstances, the case "is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees." *Ibid*.

The Court will therefore dismiss the complaint for want of prosecution because of the plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order requiring him to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula*, 113 Fed. Appx. 74, 75-76 (6th Cir. 2004); *Davis v. United States*, 73 Fed. Appx. 804, 805 (6th Cir. 2003).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** for failure to comply with the filing requirements of the Prison Litigation Reform Act.

It is further **ORDERED** that this case is not to be reinstated to the Court's active docket upon the subsequent payment of filing fees.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2007.

s/Felicia M. Moses
FELICIA M. MOSES